IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY J. BIGGS,

    Petitioner,               No. CIV S-05-1038 LKK GGH P

   vs.

CALIFORNIA STATE, et al.,

    Respondents.          ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        In this action, petitioner alleges that the Board of Prison Terms (BPT) has not conducted timely suitability hearings. For example, petitioner alleges that on April 16, 2004, the BPT found him unsuitable and ordered another suitability hearing in one year. Petitioner alleges that the BPT has yet to schedule his next suitability hearing which should have occurred in April 2005.

        Petitioner's claim does not necessarily imply the invalidity of his continuing confinement. Cf. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). If petitioner prevails on this claim, "it will in no way guarantee parole or necessarily shorten [his] prison sentence [] by a single day" because the parole board will still have authority to deny parole "on the basis of

1

1  any grounds presently available to it in evaluating such a request." Neal v. Shimoda, 131 F.3d
2  818, 824 (9th Cir. 1997); Bogovich v. Sandoval, 189 F.3d 999 (9th Cir. 1999). Accordingly, this
3  claim should be brought in a civil rights action pursuant to 42 U.S.C. § 1983.

4        Petitioner also alleges that the delay in his receipt of parole hearings violates his
5  plea agreement. Petitioner argues that in 1987 he was sentenced with the understanding that he
6  would be out of prison in 12 ½ years. Petitioner argues that the delays in his receipt of parole
7  hearings extends his incarceration in violation of his plea agreement. In CIV S-03-1439 FCD
8  GGH P petitioner is pursuing his claim alleging that his continued incarceration violates his
9  understanding of his plea agreement. The instant claim is encompassed by the allegations in CIV
10 S-03-1439 FCD GGH P. Accordingly, this claim is dismissed as duplicative of the claims raised
11 in CIV S-03-1439 FCD GGH P.

12       Petitioner also alleges that the state courts failed to correct the continued abuses
13 by the BPT in delaying parole hearings. This claim also does not implicate the validity of
14 petitioner's continued confinement and should be raised in a civil rights action.

15       For the reasons discussed above, the court construes this action as a civil rights
16 action pursuant to 42 U.S.C. § 1983. The petition is dismissed with thirty days to file a civil
17 rights complaint. Petitioner has filed an application to proceed in forma pauperis and paid the $5
18 filing fee for a habeas corpus action. Once the court receives the complaint, it will grant
19 petitioner's request to proceed in forma pauperis and apply the $5 already paid toward the filing
20 fee for the civil rights action ($250).

21       Accordingly, IT IS HEREBY ORDERED that:

22       1. This action is construed as a civil rights action pursuant to 42 U.S.C. § 1983;
23 the petition is dismissed with thirty days to file a civil rights complaint;

24 /////
25 /////
26 /////

2. The Clerk of the Court is directed to send petitioner the form for a civil rights complaint.

DATED: 6/15/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:bb
bigg1038.ame