IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY BIGGS, et al., | | |
| | Plaintiff, | No. CIV S-05-1038 LKK GGH P |
| | vs. | |
| CALIFORNIA STATE, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) filed December 16, 2005. For the following reasons, the court recommends that defendants' motion to dismiss be denied. However, the court dismisses the amended complaint with leave to amend on grounds that it fails to state a colorable claim for relief on grounds other than those raised in defendants' motion. 28 U.S.C. § 1915(e)(2) (notwithstanding any filing fee, the court shall dismiss action at any time it determines that it fails to state a claim on which relief may be granted).

        This action is proceeding on the amended complaint filed June 30, 2006. The defendants are Governor Schwarzenegger, Director of the California Department of Corrections and Rehabilitation Woodford and the California Board of Prison Terms (BPT). On January 11,

2006, the court dismissed the claims against the San Mateo County Superior Court.

Plaintiff alleges that the BPT has failed to hold timely parole hearings. As relief, plaintiff seeks an order directing the BPT to hold timely hearings.

Citing Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005), defendants first argue that plaintiff's claims should be dismissed on grounds that plaintiff has no liberty interest in parole.

For the following reasons, the court finds that plaintiff has a clearly established liberty interest in parole.

Although due process does not require the existence of a parole scheme, California has established one. Not all of the myriad procedures of the parole setting system are pertinent here. The court sets forth that part of the statutory section that is pertinent:

> (a) In the case of any prisoner sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Prison Terms shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit. One year prior to the inmate's minimum eligible parole release date a panel consisting of at least two commissioners of the Board of Prison Terms shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. The panel shall consist solely of commissioners or deputy commissioners from the Board of Prison Terms.
>
> The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude in respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the prisoner was sentenced and other factors in mitigation or aggravation of the crime.

Cal. Penal Code § 3041.

The Ninth Circuit has found that California's parole scheme gives rise to a cognizable liberty interest in release on parole. Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.

2003).

In Sass v. California Board of Prison Terms, 376 F. Supp. 2d 975 (E.D. Cal. 2005), Judge England found that no federal liberty interest was created because the wording of the parole statute, Cal. Penal Code 3041(a) ("a panel *shall normally* set a release date...) and § 3041(b) ("the panel...*shall set* a release date....") was insufficiently mandatory. Judge England relied heavily on In re Dannenberg, 34 Cal. 4th 1061, 1098, 23 Cal. Rptr. 3d 417, 443 (2005) which admittedly vested almost unlimited, unreviewable discretion within the BPT when it came to determining parole eligibility. However, even assuming that the "old" Supreme Court paradigm regarding creation of a liberty interest (mandatory act and underlying factual predicates) remains the analytical framework in which to judge the creation of right-to-parole liberty interests, see e.g., Board of Pardons v. Allen, 482 U.S. 369, 378, 107 S. Ct. 2415, 2421(1987) (mandatory language in a parole statute creates a "presumption of release" and gives rise to a liberty interest), California law, both before and after Dannenberg finds that the California parole scheme for indeterminate offenses does create a liberty interest.

> In sum, the governing statute provides that the Board *must grant parole* unless it determines that public safety requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board *must set a parole date* for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. (Cal.Code Regs., tit. 15, § 2401.) Accordingly, parole applicants in this state *have an expectation that they will be granted parole* unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole in light of the circumstances specified by statute and by regulation.

In re Rosenkrantz, 29 Cal. 4th 616, 654, 128 Cal. Rptr. 2d 104, 138 (2003) (emphasis added).

It is difficult to conceive of words which mirror the requirements of the Allen mandatory-act-in light-of-satisfied-factual-predicates paradigm more than the emphasized words of Rosenkrantz. Indeed, Allen and Rosenkrantz use the same terminology, i.e. "presumption" of

3

1 release and "expectation" of release.  These are the words of liberty interest creation.  It is not
2 material that great discretion is vested within the administrative agency granting parole.  Allen
3 supra.  See also the post-Dannenberg cases of In re Scott, 133 Cal. App. 4th 573, 590, 34 Cal.
4 Rptr. 3d 905 (2005) (citing this court's decision in Irons v. Warden, etc., 358 F. Supp. 2d 936
5 92005), at 34 Cal. App. 4th at 595); In re DeLuna,126 Cal. App. 4th 585, 591, 24 Cal. Rptr. 3d
6 643, 647 (2005):

> Penal Code section 3041, subdivision (b) requires the Board to "set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." *This statute creates a conditional liberty interest for a prospective parolee.* (Cf. Rosenkrantz, supra, 29 Cal.4th at p. 661, 128 Cal.Rptr.2d 104, 59 P.3d 174; McQuillion v. Duncan (9th Cir.2002) 306 F.3d 895, 901-902.) (emphasis added)[1]

13          The undersigned can only find that California law is in disarray on the subject of
14 liberty interest created by the California parole statutes.  Dannenberg did not overrule
15 Rosencrantz, and implied overrulings are extremely disfavored.  Scheiding v. Gen. Motors, 22
16 Cal. 4th 471, 478, 93 Cal. Rptr. 2d 342, 346 (2000).  Indeed, California cases after Dannenberg
17 continue to find a liberty interest and cite Rosencrantz.  Therefore, Biggs should not, and cannot,
18 be cast aside based on the ambiguities in California law unless the Ninth Circuit so holds.
19          Defendants next argue that even assuming plaintiff has a liberty interest in parole,
20 he has no liberty interest in the timing of his parole hearings.  For the following reasons, the court
21 finds that prisoners have a liberty interest in timely parole hearings.  However, plaintiff has failed
22 to state a colorable due process claim.  Accordingly, the court recommends that defendants'
23 motion to dismiss on grounds that plaintiff does not have a liberty interest in a timely parole

---

[1] Dannenberg did find that California prisoners had no liberty interest in a *uniform* parole date, 34 Cal. 4th at 1098 (n.18), 23 Cal. Rptr. 3d at 443 (citing Rosenkrantz); however, this is a far cry from holding that the parole scheme as a whole does not create a conditional liberty interest.

hearing be denied.  The court orders plaintiff's due process claim regarding the delay of parole hearings dismissed with leave to amend.  28 U.S.C. § 1915(e)(2).

Plaintiff alleges that he was supposed to have a parole eligibility hearing on December 6, 2003, but that he did not receive this hearing until April 16, 2004.  Plaintiff also alleges that he was supposed to have another parole eligibility hearing on April 16, 2005, but had not received that hearing as of the time he filed his amended complaint on June 30, 2005.

"However, due process 'does not include receiving a parole hearing in exact accordance with the specific time period required by [state regulations.]'"  Johnson v. Paparozzi, 219 F. Supp. 2d 635, 652 (D.N.J. 2002); see February 24, 2006, findings and recommendations, pp. 14-15, William v. Board of Prison Terms, CIV S-02-2323 LKK KJM P, adopted by the Honorable Lawrence K. Karlton, March 30, 2006.  The denial of a timely parole proceeding is not a per se violation of due process.  Jefferson v. Hart, 84 F.3d 1314, 1316-17 (10th Cir. 1996); Id.  To show a due process violation from a delayed hearing, a prisoner must show prejudice from the delay.  Cf. Camacho v. White, 918 F.2d 74, 78-80 (9th Cir. 1990); Id.

Plaintiff has failed to allege any prejudice resulting from the four month delay in his receipt of the 2003 suitability hearing and the two and one-half months delay in his receipt of the 2005 suitability hearing.[2]  Accordingly, the court finds that plaintiff has failed to state a colorable due process claim regarding these delays.  This claim is dismissed with leave to amend.

Finally, defendants move to dismiss claim three on grounds that it is barred by the Eleventh Amendment.  In claim three, plaintiff alleges that the state courts and legislature have failed to correct the continued abuses by the defendants in not holding timely parole hearings.  Claim three includes claims against defendant San Mateo County Superior Court.  On January 11, 2006, the court dismissed the claims against this defendant.  Because claim three has already been dismissed, defendants' motion to dismiss this claim is disregarded.

---

[2] In his opposition to defendants' motion, plaintiff alleges additional delays with respect to other suitability hearings.

5

1        Accordingly, IT IS HEREBY ORDERED that the amended complaint is
2 dismissed with leave to file a second amended complaint within thirty days of the date of this
3 order; defendants' response to the amended complaint is due thirty days thereafter; if plaintiff
4 does not file an amended complaint, the court will recommend dismissal of this action;
5        IT IS HEREBY RECOMMENDED that defendants' December 16, 2005, motion
6 to dismiss on grounds that plaintiff does not have a liberty interest in parole be denied.
7        These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: 4/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
bi1038.mtd

6