IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY J. BIGGS,

      Plaintiff,                        No. CIV S-05-1038 LKK GGH P

    vs.

CALIFORNIA STATE, et al.,         ORDER AND

      Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        On September 20, 2006, defendant Board of Parole Hearings (BPH) filed a motion to dismiss. Plaintiff did not oppose the motion. Accordingly, on December 13, 2006, the court recommended that defendant's motion be granted, deeming plaintiff's failure to oppose the motion to be a waiver of opposition.

        On December 21, 2006, plaintiff filed objections to the findings and recommendations. Plaintiff states that he opposed the motion in his September 27, 2006, response to defendant's response to the August 30, 2006, order to show cause. After reviewing this pleading, the court finds that plaintiff did oppose defendant's motion. Plaintiff is cautioned that in the future, he may not include multiple pleadings in single documents. Good cause appearing, the December 13, 2006, findings and recommendations are vacated and the court considers the merits of defendant's motion.

1

1  This action is proceeding on the second amended complaint filed April 20, 2006. Plaintiff alleges that he has not received timely parole hearings. Plaintiff seeks money damages and injunctive relief.

Defendants argue that defendant BPH should be dismissed because it is not a state actor. The court finds that the claims are barred by the Eleventh Amendment rather than on grounds that defendant BPH is not a state actor.

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against defendant BPH must be dismissed.[1]

Accordingly, IT IS HEREBY ORDERED that the December 13, 2006, findings and recommendations are vacated;

IT IS HEREBY RECOMMENDED that defendant's September 20, 2006, motion to dismiss be granted on grounds that the claims against defendant BPH are barred by the Eleventh Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] The case continues against the Governor and the Director of CDCR.

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 shall be served and filed within ten days after service of the objections.  The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 DATED: 4/11/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

10 bigg1038.mtd