IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY BIGGS,

      Plaintiff,                    No. CIV S-05-1038 LKK GGH P

   vs.

CALIFORNIA STATE, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' summary judgment motion filed September 21, 2007. After carefully considering the record, the court recommends that defendants' summary judgment motion be granted.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

        Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

1

1  on file, together with the affidavits, if any," which it believes
2  demonstrate the absence of a genuine issue of material fact.

3  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ.
4  P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive
5  issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,
6  depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment
7  should be entered, after adequate time for discovery and upon motion, against a party who fails to
8  make a showing sufficient to establish the existence of an element essential to that party's case,
9  and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552.
10 "[A] complete failure of proof concerning an essential element of the nonmoving party's case
11 necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment
12 should be granted, "so long as whatever is before the district court demonstrates that the standard
13 for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at
14 2553.

15       If the moving party meets its initial responsibility, the burden then shifts to the
16 opposing party to establish that a genuine issue as to any material fact actually does exist. See
17 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356
18 (1986). In attempting to establish the existence of this factual dispute, the opposing party may
19 not rely upon the allegations or denials of its pleadings but is required to tender evidence of
20 specific facts in the form of affidavits, and/or admissible discovery material, in support of its
21 contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11,
22 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is
23 material, i.e., a fact that might affect the outcome of the suit under the governing law, see
24 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec.
25 Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the
26 dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the

nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On September 1, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

/////

/////

1  DISCUSSION

2        This action is proceeding on the second amended complaint filed April 20, 2006,
3  as to defendants Governor Schwarzenegger and Director of the California Department of
4  Corrections and Rehabilitation Woodford.  Plaintiff alleges that defendants failed to conduct
5  timely parole suitability hearings.

6        *Undisputed Facts*

7        In 1985, plaintiff was sentenced to 25 years to life following his conviction for
8  first degree murder.

9        On December 6, 2002, plaintiff was found unsuitable for parole for one year.
10 Plaintiff did not have his next suitability hearing until April 16, 2004, at which time he was again
11 found unsuitable for one year.  On December 28, 2005, plaintiff had his next suitability hearing
12 where he was found suitable for parole.

13       Defendants contend that following the December 28, 2005, hearing, plaintiff was
14 given a tentative parole release date of August 22, 2009.  In support of this contention,
15 defendants refer to their Exhibit B, p. 11, which is a copy of a form titled "Calculating BPT/BPR
16 Release Date" dated January 6, 2006.  This form contains the calculations for plaintiff's release
17 date based following the December 28, 2005, suitability hearing.

18       In his opposition, plaintiff argues that had he been awarded all the time credits he
19 was due, his release date would have been calculated as August 17, 2007, rather than August 22,
20 2009.  Whether plaintiff was properly awarded time credits is not at issue in the instant action.
21 Plaintiff may not amend his complaint to include this claim by way of his opposition to
22 defendants' summary judgment motion.  Accordingly, the court will not consider plaintiff's
23 argument that had he been properly awarded time credits his release date would have been
24 August 17, 2007.  Accordingly, the court finds undisputed that plaintiff's tentative parole release
25 date following the December 28, 2005, hearing was August 22, 2009.
26 /////

On May 26, 2006, Governor Schwarzenegger reversed the Board's decision finding petitioner suitable for parole. On April 2007, petitioner had another parole suitability hearing at which he was found unsuitable.

*Analysis*

Defendants move for summary judgment on grounds that plaintiff has not demonstrated prejudice as a result of the delays in his parole suitability hearings.

"However, due process 'does not include receiving a parole hearing in exact accordance with the specific time period required by [state regulations.]'" Johnson v. Paparozzi, 219 F.Supp.2d 635, 652 (D.N.J. 2002); see February 24, 2006, findings and recommendations, pp. 14-15, William v. Board of Prison Terms, CIV S-02-2323 LKK KJM P, adopted by the Honorable Lawrence K. Karlton, March 30, 2006. The denial of a timely parole proceeding is not a per se violation of due process. Jefferson v. Hart, 84 F.3d 1314, 1316-17 (10th Cir. 1996). Id. To show a due process violation from a delayed hearing, a prisoner must show prejudice from the delay. Cf. Camacho v. White, 918 F.2d 74, 78-80 (9th Cir. 1990).

Defendants argue that assuming plaintiff had been found suitable for parole at an earlier time date had he received timely suitability hearings, the delay in his receipt of suitability hearings became a moot issue when the Governor reversed the suitability finding. Defendants argue that once the Governor reversed the suitability finding, there was no injury from any alleged delay in conducting suitability hearings.

In his opposition, as discussed above, plaintiff argues that his release date was miscalculated because he was not awarded all the time credits he was due. Whether plaintiff received proper time credits is not at issue in this case. The only issue is whether plaintiff was prejudiced by the delays in his receipt of suitability hearings.

The court agrees with defendants that plaintiff cannot demonstrate prejudice as a result of the delays raised in this action because the Governor reversed the decision finding him suitable for parole. Because plaintiff has not demonstrated prejudice as a result of the delays,

1  defendants should be granted summary judgment.

2  Accordingly, IT IS HEREBY RECOMMENDED that defendants' September 21,
3  2007, summary judgment motion be granted.

4  These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6  days after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
9  shall be served and filed within ten days after service of the objections.  The parties are advised
10  that failure to file objections within the specified time may waive the right to appeal the District
11  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  DATED:   03/24/08

/s/ Gregory G. Hollows
13  _____
UNITED STATES MAGISTRATE JUDGE
14

15

16  bigg1038.157